IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>    Plaintiff,<br>vs.<br><br>ERIC RANDOLPH<br>*a/k/a Eric Richards*,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>4:22-cv-00203-WMR |

## ORDER

This dispossessory action is before the Court on *pro se* Defendant Eric Randolph's Notice of Removal to Federal Court [Doc. 1], Motion to Dismiss [Doc. 3], and Motion for Preliminary Injunction [Doc. 5]. For the reasons set forth below, this action, along with the pending motions, is REMANDED to the Magistrate Court of Paulding County.

### I.   BACKGROUND

On August 25, 2022, Catamount Properties 2018, LLC, filed this dispossessory action in the Magistrate Court of Paulding County seeking possession of its premises pursuant to O.C.G.A § 44-7-50, alleging that Defendant is acting as

1

a tenant at sufferance after foreclosure. (Doc. 1-1). On September 6, 2022, Defendant filed an answer and counterclaim in the magistrate court. (Doc. 2).

Shortly thereafter, on September 12, 2022, Defendant filed a Motion to Dismiss the dispossessory action in the magistrate court (Doc. 3), along with his Notice of Removal. (Doc. 1). After the case was removed, Defendant filed a Motion for a Preliminary Injunction in this Court. (Doc. 5).

**II.     DISCUSSION**

Pursuant to 28 U.S.C. § 1441, a civil action originally filed in a state court may be removed to federal district court if the district court has original subject matter jurisdiction over the case. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The burden is on the party seeking removal to establish federal subject matter jurisdiction. See Friedman v. N.Y.Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1380 (N.D. Ga. 2010).

Here, Defendant's Notice of Removal and civil cover sheet indicate that the asserted basis for jurisdiction is that the case involves a "federal question." (*See* Doc.

1 at ¶ 4; Doc. 1-2 at Section II]. Thus, this Court will first address the issue of federal question jurisdiction.

Pursuant to 28 U.S.C. § 1331, a federal court "shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, a federal court may exercise jurisdiction over a case if it presents a question of federal statutory or constitutional law. See Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998) ("Federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute").

However, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This Court "looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations of the complaint." Citimortgage, Inc., 705 F. Supp. 2d at 1381. Further, the federal question must form an essential element of the cause of action. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936).

Here, Catamount Properties 2018, LLC's petition for a writ of possession in magistrate court invoked no federal constitutional or statutory law on its face.

Therefore, the dispossessory claim that forms the basis of this action is exclusively a matter of state law.

Although Defendant's Notice of Removal indicates that the dispossessory proceeding somehow violates his civil rights, this Court's inquiry into the presence of federal question jurisdiction is limited to the allegations found in Plaintiff' well-pleaded complaint. If a federal question is not presented on the face of the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." Pan Am. Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663 (1961). Consequently, the Court finds that there is no federal question presented such that this Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Citimortgage, Inc., 705 F. Supp. 2d at 1381. Therefore, removal on this basis was improper.

Although not asserted by Defendant, another basis of removal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. To establish diversity jurisdiction, the amount in controversy must exceed $75,000 and the state citizenship of all plaintiffs must be diverse from all defendants. 28 U.S.C. § 1332; Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). As Catamount Properties 2018, LLC's

petition for writ of possession does not identify an amount of damages[1] or the citizenship of each member of Catamount Properties 2018, LLC, and because Defendant's Notice of Removal does not contain any allegations regarding the citizenship of either party or the amount in controversy, the Court finds that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have not been established in this case.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that this action, along with Defendant's Motion to Dismiss [Doc. 3] and Motion for Preliminary Injunction [Doc. 5], is hereby **REMANDED** to Magistrate Court of Paulding County, Georgia. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED, this 31st day of October, 2022.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. See Novastar Mortgage, Inc. v. Bennett, 173 F.Supp.2d 1358, 1361–62 (N.D. Ga. 2001).